UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON CHURCH,<br><br>　　Plaintiff<br><br>v.<br><br>MATT BURNS, et al.,<br><br>　　Defendants | Case No.: 3:24-cv-00149-ART-CSD<br><br>**Report & Recommendation of<br>U.S. Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

　　This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

　　After a thorough review, it is recommended that the IFP application be granted, that certain claims be allowed to proceed, that certain claims be dismissed with prejudice, and certain claims be dismissed with leave to amend.

**I. IFP APPLICATION**

　　A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

1    The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff sues Outdoor Lighting Perspectives (OLP), a franchise that supplies outdoor lighting installation and maintenance services, as well as its owner and operator, Matt Burns, and Jessica Warren, who is a human resources representative or agent of OLP.

Plaintiff alleges that on January 3, 2022, he was hired by Burns to work as an outdoor lighting installer for OLP. While Burns told Plaintiff he was an independent contractor, Plaintiff maintains he was wrongly characterized as such, and he was actually an employee. Burns told Plaintiff he would be paid $22 per hour, plus commission for each project add-on he sold at a rate of 10 percent of the total add-on sale price. Burns also allegedly told Plaintiff that his hourly rate would increase after one month of employment. Plaintiff worked an average of 40 to 50 hours per week installing and maintaining outdoor lighting systems for OLP's customers. Plaintiff claims he was not paid overtime for hours he worked over 40 hours per week, nor was he provided with any meal or rest breaks. He further contends he was not paid commissions for the add-on sales he completed, nor the promised increase in his hourly rate after one month of employment.

Plaintiff asserts that he asked Burns about his overtime, commissions and hourly rate, but Burns ignored or dismissed his inquiries, insisting Plaintiff was an independent contractor and not an employee. Plaintiff also questioned Burns about taxes that were not withheld from his paychecks and expressed concern he was misclassified as an independent contractor instead of being provided rights and benefits as an employee. Plaintiff avers that Burns refused to pay him the $1,720 in commissions owed, as well as two weeks of income ($2,464) he was contractually entitled to receive upon termination without proper notice.

Plaintiff asserts a claim for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, as well as various state law claims: violation of Nevada Revised Statutes, Chapter 608; breach of contract; unlawful deduction from wages; fraudulent misrepresentation; negligent misrepresentation (in the alternative); misclassification as an independent contractor; wrongful termination for being a whistleblower (retaliation under the FLSA and NRS Chapter 608);

intentional infliction of emotional distress (IIED); civil conspiracy; and breach of the duty of good faith and fair dealing.

**1. FLSA**

Plaintiff alleges that Defendants violated the FLSA by failing to pay him overtime for hours worked over 40 hours per week; by failing to keep accurate records of his hours and wages; by failing to provide him with required information about his pay and working conditions; and by firing him for complaining about and asserting his rights under the FLSA.

The FLSA sets minimum wage and overtime standards for employment. 29 U.S.C. § 201, *et. seq*. The FLSA applies to "any individual *employed* by an employer." 29 USC 203(e)(1). It includes all workers "not specifically excepted." *Pate v. Quality Inn South*, 846 F.2d at 702 Independent contractors are not employees under FLSA. *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir. 1981); *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). Courts look at whether workers are, *as a matter of economic reality*, employees or independent contractors. *Hobbs*, 946 F.3d at 829. Contractual language, such as the contract at issue here, is not conclusive. *Real*, 603 F.2d at 755. Plaintiff alleges that he was improperly characterized as an independent contractor, and in reality, was an employee of OLP. The court liberally construes the pleadings of a pro se plaintiff, and accepts, for purposes of screening, that Plaintiff was an employee not otherwise excepted from the provisions of the FLSA.

The FLSA applies to employees engaged in, or producing goods for, interstate commerce, subject to certain exemptions. 29 U.S.C. § 202(a). Again, liberally construing the allegations of this pro se plaintiff, the court will take as true, for purposes of screening, that OLP, which is a franchise that supplies outdoor lighting installation and maintenance services, is subject to the FLSA. Defendants are, of course, free to argue otherwise in an appropriate motion.

FLSA liability extends to any person acting in the employer's interest in dealing with employees. 29 USC §203(a), (d). The court liberally construes Plaintiff's allegations as asserting that Burns and Warren are also appropriate defendants under the FLSA.

### a. Overtime

The FLSA requires employers to pay employees who work in excess of forty hours per week "at a rate not less than one and one half times" their normal wages. 29 U.S.C. § 207(a)(1). Plaintiff alleges that he was not paid overtime for those periods where he worked over 40 hours a week. Therefore, for screening purposes, the court finds Plaintiff states a colorable claim for failure to pay overtime under the FLSA.

### b. Accurate Records

Plaintiff alleges that Defendants failed to keep accurate records of his hours and wages in violation of the FLSA.

Every employer subject to FLSA is required to make, keep, and preserve records of wages, hours, and other conditions and practices with certain retention requirements. 29 USC § 211(c). The corresponding regulation requires employers to maintain and preserve specific payroll and other records related to employees. 29 C.F.R. § 516.2. It is unlawful for an employer to fail to comply with the recordkeeping requirements of section 211(c) or violate the related regulations. 29 U.S.C. § 215(a)(5). While section 216(b) provides that an employee may bring a private action against an employer for unpaid overtime or minimum wages, it does not specifically authorize a private action for violation of the FLSA's recordkeeping provisions. Instead, those provisions are enforced through section 217. 29 U.S.C. § 217. Many courts have held that the Secretary of Labor has exclusive authority to enforce the recordkeeping provisions of the FLSA. This court agrees. *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843

(6th Cir. 2002); *Aguirre v. Aaron's Inc.*, 17-CV_0297-L-BLM, 2017 WL 3993952, at *2 (S.D. Cal. Sept. 11, 2017); *Valladares v. Insomniac, Inc.*, No. EDCV1400706VAPDTBX, 2015 WL 12656267, at *10 (C.D. Cal. Jan. 29, 2015) ("general consensus is that the FLSA provides no private right of action for recordkeeping violations"); *Chen v. Major League Baseball*, 6 F.Supp.3d 449, 460 n. 11 (S.D.N.Y. 2014)).

Therefore, Plaintiff's FLSA claim based on the alleged failure to keep accurate records should be dismissed with prejudice.

### c. Provide Required Information about his pay and working conditions

Plaintiff does not specify what required information Defendants should have provided him about his pay and working conditions, or how this violates the FLSA. Therefore, this claim should be dismissed with leave to amend.

### d. Retaliation

29 USC 215(a)(3) contains an anti-retaliation provision that it is unlawful for any person to discharge or otherwise discriminate against any employee for filing a complaint or instituting a proceeding under the FLSA. 29 USC § 215(a)(3); *see also Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1100 (9th Cir. 2014); *Arias v. Raimondo*, 860 F.3d 1185, 1191-92 (9th Cir. 2017). Complaints to an employer may constitute protected activity under the FLSA. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325, 1326 (2011); *Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir. 1999).

Plaintiff alleges that he complained to Defendants about the failure to pay him overtime wages (among other things), and that he was terminated as a result. Liberally construing the pro se pleading, the court finds Plaintiff states a colorable retaliation claim under the FLSA.

**2. NRS Chapter 608**

Plaintiff alleges that Defendants violated NRS Chapter 608 by failing to pay him overtime for the hours worked over 40 hours per week (resulting in unpaid overtime wages in the amount of $1,690); failing to provide Plaintiff required meal and rest breaks (entitling him to another $1,342 as a penalty); failing to pay all wages and commissions due and owing (resulting in unpaid wages and commissions in the amount of $73,12.63); and failing to withhold and pay all applicable state and federal taxes (in the amount of $952.40).

Chapter 608 "governs employment compensation, wages, and hours, making 'employers' responsible for paying employee wages." *Boucher v. Shaw*, 124 Nev. 1164, 1166, 196 P.3d 959, 960 (2008).

As with the FLSA, the court will accept Plaintiff's allegations that he was improperly characterized as an independent contractor and in reality, he was an employee.

NRS 608.011 defines an employer as "every person having control or custody of any employment, place of employment or any employee." "In Nevada, individual corporate managers are not personally liable, as employers, for unpaid wages." *Boucher*, 124 Nev. at 1170, 196 P.3d at 963.

As such, Warren, who is alleged to be a human resources representative or agent of the company, would not be subject to liability under Chapter 608 and she should be dismissed with respect to the NRS Chapter 608 claims. The court will allow Plaintiff to proceed with the Chapter 608 claims against OLP and Burns, whom Plaintiff alleges was the owner/operator of OLP. Burns is free to argue, however, that he does not come within the definition of an employer under Chapter 608.

///

### a. Overtime

NRS 608.018(1) provides that when an employee works more than 40 hours in a workweek or more than eight hours in a workday, an employer shall pay him one and one half times the employee's regular rate. If an employer fails to pay wages in accordance with these requirements, an employee may (within two years of the failure) bring a civil action against the employer. NRS 608.135(1).

Plaintiff states a colorable claim for violation of NRS 608.018.

### b. Meal & Rest Breaks

Plaintiff alleges that Defendants failed to provide him with required meal and rest breaks. Under NRS 608.019, an employer must provide an employee with a 30-minute uninterrupted meal period for every continuous 8-hour period of work. It also requires employers to give employees an uninterrupted 10-minute break for every four hours of work. The authorized break periods are "counted as hours worked, for which there shall be no deduction from wages." *Id*.

Courts in Nevada have held, however, that there is no private right of action to enforce NRS 608.019. *See Hukman v. Terrible Herbst Inc.*, No. 2:21-cv-01279-APG-VCF, 2022 WL 980250, at *9 (D. Nev. Mar. 30, 2022) (citing *Busk v. Integrity Staff Sols.*, 713 F.3d 525, 533 (9th Cir. 2013), *rev'd on other grounds*, 574 U.S. 27 (2014). Chapter 608 does provide for a private right of action to recover unpaid wages. *See id.* (citing *Neville v. Eighth Jud. Dist. Ct.*, 406 P.3d 499 (Nev. 2017); *Busk*, 713 F.3d at 533).

Accordingly, Plaintiff has no private right of action to sue Defendants under NRS 608.019. This claim should be dismissed with prejudice; however, Plaintiff may assert an argument that he can recover any unpaid wages related to meal and rest breaks under his next claim for unpaid wages under NRS 608.135.

### c. Failure to Pay all Wages and Commissions Due and Owing

As noted above, Chapter 608 provides that an individual may bring a civil action against an employer who fails to pay wages in accordance with the requirements of NRS 608.020 to 608.050. NRS 608.135. Plaintiff states a colorable claim to the extent he may seek to recover unpaid wages subject to NRS 608.020 to 608.050.

### d. Failure to Withhold all Applicable State and Federal Taxes

Plaintiff does not cite authority for a claim for under NRS Chapter 608 for failure to withhold applicable state and federal taxes. Therefore, this claim should be dismissed. In an abundance of caution, Plaintiff should be given leave to amend to the extent he can find legal authority to support such a claim.

**3. Breach of Contract**

Plaintiff alleges that he entered into a contract with Burns whereby he agreed to work as an outdoor lighting installer for OLP, and Burns agreed to pay him $22 per hour plus commissions for each project add-on completed, and to increase his hourly rate after one month of employment. The contract further provided that either party would give two-weeks' notice before terminating or quitting the employment relationship. Plaintiff avers that he performed all of his obligations under the contract, but Burns breached the contract by failing to pay Plaintiff the agreed-upon hourly rate, commissions, the increase in hourly rate, and by failing to give him two-weeks' notice before firing him.

Plaintiff states a colorable breach of contract claim against Burns/OLP. *See Calloway v. City of Reno*, 116 Nev. 250, 993 P.2d 1259 (2000).

**4. Unlawful Deduction from Wages**

This is actually another claim under NRS Chapter 608. Plaintiff alleges that NRS 608.110 prohibits employers from withholding any portion of an employer's wages unless the employer has a specific statutory or contractual authorization to do so. Plaintiff claims that Defendants did not have a statutory or contractual authorization to withhold any portion of his wages for the use of a check vending service. At the same time, he alleges that Defendants required him to use the check vending service as a condition of receiving his wages, and they deducted a fee from each of his paychecks to use the service. Plaintiff did not consent to this deduction, and he was not provided written notice or explanation for the deduction. Defendants made 15 deductions from his wages for use of the check vending service.

It does not appear that NRS Chapter 608 provides a private right of action for violation of this section. NRS 608.135. Therefore, this claim should be dismissed with prejudice. Plaintiff may argue, however, that he is entitled to recover such amounts under his claim for failure to pay wages.

**5. Fraudulent Misrepresentation**

Plaintiff alleges that Defendants engaged in fraud and misrepresentation by having Burns' friend, Jessica Warren, pose as a human resources representative and communicate with Plaintiff, falsely promising to resolve his issues regarding unpaid wages, overtime, commissions, taxes, and employment status. He avers that they knew the statements were false and intended to deceive Plaintiff and prevent him from filing a lawsuit or seeking other remedies for violations of the FLSA, NRS, and the contract. Plaintiff relied on these statements and refrained from taking legal action or pursuing other options for his employment. He suffered damages as a result, including lost wages, commissions, taxes, income, emotional distress and legal fees.

A claim for fraudulent misrepresentation requires allegations that the defendant made a false representation that he knew or believed was false; the representation was intended to induce the plaintiff to act or refrain from acting; the plaintiff justifiably relied on that representation; and the plaintiff suffered damage as a result. *See Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382 (1998).

Liberally construing the pro se allegations, Plaintiff should proceed with his fraudulent misrepresentation claim.

**6. Negligent Misrepresentation**

Alternatively, Plaintiff alleges that Defendants engaged in negligent misrepresentation of material facts regarding resolving Plaintiff's issues with unpaid wages, overtime, commissions, taxes, and employment status. He relied on these representations to his detriment and suffered damage as a result.

To state a claim for negligent misrepresentation, a plaintiff must allege that a defendant, in the course of action in which he had a pecuniary interest, failed to exercise reasonable care or competence in obtaining or communicating information to the plaintiff; the plaintiff justifiably relied on that information; and suffered damage as a result. *See Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382 (1998).

Liberally construing the pro se allegations, Plaintiff should be able to proceed with this alternative claim of negligent misrepresentation.

**7. Misclassification as an Independent Contractor**

As noted above, Plaintiff maintains that he was actually an employee, and not an independent contractor, because Defendants exercised significant control over his work, such as setting his hours, assigning his tasks, providing him with tools and materials, supervising his

performance and paying him by the hour. He did not have an opportunity for profit or loss as he had no investment in the business and no discretion in how to perform his work. He had no ability to negotiate his pay. His work was an integral part of defendants' business. He contends this was done to avoid paying him overtime, wages, commissions, taxes, and other benefits employees are entitled to under the FLSA and NRS Chapter 608.

There is no separate claim under the FLSA or Chapter 608 for the alleged misclassification of Plaintiff as an independent contractor. Instead, these allegations are relevant to his claims he is entitled to any recovery under the FLSA and Chapter 608, which requires he be an employee. Therefore, to the extent Plaintiff seeks to assert this as a separate claim, it should be dismissed, and the allegations should be considered in connection with his FLSA and Chapter 608 claims.

**8. Wrongful Termination for Being a Whistleblower**

Plaintiff alleges that the FLSA and NRS Chapter 608 protect employees from retaliation by employers for exercising their rights under the wage and hour laws, such as complaining about paid overtime, requesting overtime and filing a wage and hour claim. Plaintiff alleges that he brought up the issue of overtime pay with Burns, informing him he was entitled to such pay. He claims that Defendants retaliated against him for exercising his rights under FLSA and NRS Chapter 608 by firing him, refusing to pay him his commissions and income.

The court already determined above that Plaintiff states a colorable retaliation claim under the FLSA. Insofar as this claim is based on the FLSA, it should be dismissed as duplicative. With respect to NRS Chapter 608, it does not contain an anti-retaliation provision (except with respect to the requirement to provide mothers with break time to express breast milk under NRS 608.0193(4)). Therefore, this claim should be dismissed with prejudice.

**9. IIED**

A plaintiff asserting a claim for IIED must allege the defendant's conduct was extreme or outrageous with the intention of, or reckless disregard for, causing emotional distress to the plaintiff, and that the plaintiff did suffer severe or extreme emotional distress as a proximate cause of the defendant's conduct. *See Franchise Tax Board of Cal. v. Hyatt*, 335 P.3d 125 (Nev. 2014); *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 92 (1981). This tort is also recognized in the context of employment termination. *See Shoen v. Amero, Inc.*, 111 Nev. 735, 747, 896 P.2d 469, 476 (1995).

"Extreme and outrageous conduct" is that which is outside all possible bounds of decency and is recognized as utterly intolerable in a civilized society. *See Maduike v. Agency Rent-A-Car*, 11 Nev. 1, 953 P.2d 24 (1998)

Plaintiff alleges that Jessica Warren's intentional and malicious conduct caused Plaintiff severe emotional distress. Plaintiff's factual allegations about Warren are that she falsely promised to resolve his issues regarding unpaid wages, overtime, commissions, taxes, and his employment status. This does not rise to the level of extreme and outrageous conduct. Therefore, this claim should be dismissed, but with leave to amend.

**10. Civil Conspiracy**

Plaintiff alleges that Jessica Warren conspired with the others to deceive and obstruct Plaintiff in asserting his rights and seeking resolution of employment-related grievances.

"In Nevada, an actionable civil conspiracy is defined as a combination of two or more persons, who by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Flowers v. Carville*, 266 F.Supp.2d 1245, 1249 (D. Nev. 2003) (citation and quotation marks omitted). Plaintiff does not include sufficient

factual allegations to state a civil conspiracy claim against Warren under Nevada law. Therefore, this claim should be dismissed with leave to amend.

### 11. Breach of the Duty of Good Faith and Fair Dealing

Plaintiff alleges that as a representative or agent of OLP, Jessica Warren owed a duty of good faith and fair dealing in addressing Plaintiff's employment-related concerns, and breached this duty by engaging in deceptive practices, obstructing Plaintiff's access to due process and failing to act in his best interests. He suffered damages as a result of her actions.

In Nevada, "every contract imposes upon the contracting parties the duty of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 109 Nev. 1043, 1046, 862 P.2d 1207, 1209 (1993) (*Hilton II*) (citations omitted). The covenant "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 123 Nev. 217, 226, 163 P.3d 420, 427 (2007). "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 222, 234, 808 P.2d 919, 923 (1991) (*Hilton I*).

Preliminarily, the duty is imposed on the parties to the contract. While Warren may or may not have been acting as an agent of OLP, the claim is appropriately asserted against the contracting party, which appears to be Burns/OLP. Therefore, this claim should be dismissed with leave to amend insofar as it is not asserted against the correct party. In amending, Plaintiff should also include more detailed factual averments regarding how the implied covenant of good faith and fair dealing was breached.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1).

(2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-1).

(3) Allowing the following claims to **PROCEED**:

    (a) the FLSA failure to pay overtime claim;

    (b) the FLSA retaliation claim;

    (c) the claim for violation of NRS 608.018 for failure to pay overtime;

    (d) the failure to pay wages and commissions due and owing claim under NRS Chapter 608;

    (e) the breach of contract claim against Burns and OLP;

    (f) the fraudulent misrepresentation claim;

    (g) the negligent misrepresentation claim;

(4) **DISMISSING WITH PREJUDICE** the following claims:

    (a) the FLSA claim for failure to keep accurate records;

    (b) the NRS Chapter 608 meal and rest break claims, but Plaintiff may argue he is entitled to recover any unpaid wages under NRS 608.135;

    (c) the NRS Chapter 608 claim for unlawful deductions from wages, but Plaintiff may argue he is entitled to recover any unpaid wages under NRS 608.135;

    (d) the claim for misclassification as an independent contractor, but those allegations may used to support his claims allowed to proceed under the FLSA and NRS Chapter 608;

      (e) the wrongful termination for being a whistleblower claim because it is duplicative of his FLSA retaliation claim, and there is no corollary claim under NRS Chapter 608;

      (f) Warren from the NV Chapter 608 claims, as well as from the breach of contract and breach of the implied covenant of good faith and fair dealing claims.

    (5) **DISMISSING WITH LEAVE TO AMEND** the following claims:

      (a) the FLSA failure to provide required information about pay and working conditions claim;

      (b) the NRS Chapter 608 claim for failure to withhold all applicable state and federal taxes;

      (c) the IIED claim;

      (d) the civil conspiracy claim;

      (e) the breach of the implied covenant of good faith and fair dealing claim.

    (6) Giving Plaintiff 30 days from the date of any order addressing this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleadin as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed. Service will be addressed after Plaintiff files the amended complaint.

    Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 16, 2024

_____
Craig S. Denney
United States Magistrate Judge