Cameron Church
1605 McKinley Drive
Reno, NV 89509
775-420-8577
Madeinreno775@gmail.com

__Filed __Received __Entered __Served On
Counsel/Parties of Record

MAY 16 2024

Clerk US District Court
District of Nevada
By:_____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON CHURCH, | Case No.: 3:24-cv-00149-ART-CSD |
| Plaintiff, | |
| vs. | AMENDED COMPLAINT |
| MATTHEW BURNS, | |
| And, | |
| OLP OF RENO & LAKE TAHOE | |
| LICENSE #CA: 1052853 | |
| LICENSE #NV: C2-84664 | |
| Defendant | |

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), a federal law that regulates minimum wage, overtime pay, recordkeeping, and child labor standards for employees in the private sector and in federal, state, and local governments.

2. This Court also has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they are so related to the plaintiff's federal law claims that they form part of the same case or controversy.

3. This Court has personal jurisdiction over the defendants, as they reside and do business in Nevada, and the events giving rise to this action occurred in Nevada.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the defendants reside and do

AMENDED COMPLAINT - 1

business in this judicial district, and a substantial part of the events giving rise to this action occurred in this judicial district.

PARTIES

5. Plaintiff Cameron Church is an individual who resides and works in Reno, Nevada. He is a citizen of the United States.

6. Defendant Matt Burns is an individual who resides and does business in Reno, Nevada. He is the owner and operator of Outdoor Lighting Perspectives (OLP), a franchise that provides outdoor lighting installation and maintenance services. He is a citizen of Nevada.

7. Defendant Outdoor Lighting Perspectives (OLP) is a franchise that supplies outdoor lighting installation and maintenance services. OLP has its principal place of business in Reno, Nevada. OLP is a citizen of Nevada.

FACTS

8. On or about January 3, 2022, plaintiff was hired by defendant Burns to work as an outdoor lighting installer for OLP.

9. Defendant Burns told the plaintiff that he was an independent contractor, not an employee, and that he would be paid $22 per hour, plus commissions for each project add-on he sold at a rate of 10% of the total add-on sale price.

10. Defendant Burns also told plaintiff that his hourly rate would increase after one month of employment.

11. Plaintiff accepted the offer and began working for OLP.

12. Plaintiff's brother began working with him, also misclassified as an independent contractor. During his employment, the plaintiff worked an average of 40 to 50 hours per week, installing and maintaining outdoor lighting systems for OLP's customers.

13. Plaintiff was not paid overtime for any hours he worked over forty per week, nor was he provided with any meal or rest breaks, as required by the FLSA and the Nevada Revised Statutes, Chapter 608 (NRS).

14. Plaintiff was also not paid any commissions for the add-ons he completed, nor was he paid the promised increase in his hourly rate after one month of employment.

15. Plaintiff asked defendant Burns about his overtime, commissions, and hourly rate, but defendant Burns ignored or dismissed his inquiries, and insisted that plaintiff was an independent

AMENDED COMPLAINT - 2

contractor, not an employee.

16. Plaintiff also questioned defendant Burns about the taxes that were not withheld from his paychecks and expressed his concern that he was misclassified as an independent contractor and that he was entitled to the rights and benefits of an employee.

17. On or about March 31, 2022, defendant Burns fired plaintiff, for being a whistleblower and for asserting his rights as an employee. The termination was in violation of the parties' employment contract, which required two weeks' notice prior to termination.

18. Defendant Burns also refused to pay plaintiff the $1,720 in commissions that he owed him, as well as the two weeks of income ($2,464) that he was contractually entitled to receive upon termination without proper notice.

19. As a result of defendants' unlawful actions, plaintiff has suffered and continues to suffer damages, including lost wages, unpaid overtime, unpaid commissions, unpaid taxes, and emotional distress.

CLAIMS FOR RELIEF

First Claim for Relief: Violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. The FLSA requires employers to pay employees at least the federal minimum wage for all hours worked and one and one-half times their regular rate of pay for all hours worked over forty in a workweek, unless the employees are exempt from the FLSA's overtime provisions.

22. The FLSA further prohibits employers from retaliating against employees who complain about or assert their rights under the FLSA.

23. Defendants violated the FLSA by failing to pay plaintiff overtime for the hours he worked over 40 per week, and by firing plaintiff for complaining about and asserting his rights under the FLSA.

24. As a result of defendants' violations of the FLSA, plaintiff is entitled to recover $1690.50 in unpaid overtime wages, an equal amount of $1690.50 in liquidated damages, prejudgment interest, costs, and reasonable attorney's fees, as well as injunctive and declaratory relief, pursuant to 29 U.S.C. § 216(b).

Second Claim for Relief: Violation of the Nevada Revised Statutes, Chapter 608

25. Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully set

AMENDED COMPLAINT - 3

1  forth herein.

2  26. The NRS requires employers to pay employees at least the state minimum wage for all hours worked and one and one-half times their regular rate of pay for all hours worked over forty in a
3  workweek, or over 8 per day if the employee works more than 6 days in a week.

4  27. The NRS also requires employers to provide employees with a 30-minute meal break for every 8 hours of work and a 10-minute rest break for every 4 hours of work.
5

6  28. The NRS further requires employers to pay employees all wages and commissions due and owing immediately when the employee has been terminated and to withhold and pay all applicable state and federal taxes from employees' paychecks.
7

8  29. Defendants violated the NRS by failing to pay plaintiff overtime for the hours he worked over forty per week, or over 8 per day if the employee worked more than 6 days in a week, resulting in unpaid overtime wages in the amount of $1690.50. Defendants also failed to provide
9  plaintiff with the required meal and rest breaks, entitling plaintiff to recover an amount of $1342 in unpaid wages for the meal and rest periods. Moreover, defendants failed to pay plaintiff all
10 wages and commissions due and owing within the specified time periods, resulting in unpaid wages and commissions in the amount of $7312.63 and $10,560 in penalties pursuant to NRS
11 608.040 and 608.050.

12 30. Additionally, defendants failed to withhold and pay all applicable state and federal taxes from plaintiff's paychecks amounting to $952.40. Furthermore, defendants promised plaintiff two
13 additional weeks of employment but did not allow him to work those weeks, resulting in lost wages of $2464.
14
   31. Defendants' violations of the NRS were willful, intentional, and in bad faith.
15
   32. As a result of defendants' violations of the NRS, plaintiff is entitled to recover his unpaid
16 overtime wages in the amount of $1690.50, unpaid wages for meal and rest periods in the amount of $1342, unpaid wages and commissions in the amount of $7312.63, lost wages for the
17 promised two weeks of employment in the amount of $2464, and penalties in the amount of $10,560 pursuant to NRS 608.040 and 608.050. Additionally, defendants failed to withhold and
18 pay all applicable state and federal taxes from plaintiff's paychecks, amounting to $952.40, and made unlawful deductions for direct deposit fees in the amount of $259.73. Therefore, plaintiff is
19 entitled to recover these amounts along with an additional amount equal to the unpaid wages and commissions in the amount of $7312.63 as a penalty, prejudgment interest, costs, and reasonable
20 attorney's fees, as well as injunctive and declaratory relief, pursuant to NRS §§ 608.016, 608.018, 608.020, 608.040, 608.050, 608.135, 608.160, 608.180, and 608.190.
21
   33. In addition to the above violations, defendants also violated NRS 608.400 by willfully
22 misclassifying Plaintiff and his brother as independent contractors, thereby avoiding the legal obligations to pay minimum wage, overtime, and provide other protections afforded to
23 employees under Nevada law.

24 AMENDED COMPLAINT - 4

34. Defendants' misclassification of Plaintiff and his brother as independent contractors resulted in further damages to Plaintiff, including but not limited to the loss of benefits, protections, and rights that are guaranteed to employees under the NRS.

35. Plaintiff seeks compensation for these additional damages resulting from the misclassification, as well as any other relief the court deems just and proper.

Third Claim for Relief: Breach of Contract

36. Plaintiff incorporates by reference the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff and defendant Burns entered a written contract, whereby plaintiff agreed to work as an outdoor lighting installer for OLP, and defendant Burns agreed to pay plaintiff $22 per hour, plus commission at a rate of 10% of the total for each project add-on he completed, and to increase plaintiff's hourly rate after one month of employment.

38. The contract also stated that either party would give a two-week notice before terminating or quitting the employment relationship.

39. Plaintiff performed all his obligations under the contract, but defendant Burns breached the contract by failing to pay plaintiff the agreed-upon hourly rate, commissions, and increase, and by failing to give plaintiff a two-week notice before firing him.

40. Defendants' breach of contract was willful, intentional, and in bad faith.

41. As a result of defendants' breach of contract, plaintiff is entitled to recover his unpaid wages for the two weeks that Burns was supposed to let the defendant work in the amount of $2,464, his unpaid commissions, his lost income, compensatory damages, consequential damages, punitive damages and any other relief that the Court deems just and proper.

Fourth Claim for Relief: Fraud and Misrepresentation by the Employer

42. Plaintiff incorporates by reference the allegations in paragraphs 1 through 41 as if fully set forth herein.

43. Fraud and misrepresentation occur when a person makes a false statement of fact or conceals a material fact from another person, knowing that the statement or concealment is false, intending to induce the other person to act or refrain from acting on the statement or concealment, and causing the other person to suffer damages as a result.

44. Defendants engaged in fraud and misrepresentation by having defendant Burns' friend, Jessica Warren, pose as an HR representative and communicate with plaintiff, falsely promising to resolve plaintiff's issues regarding unpaid wages, overtime, commissions, taxes, and

AMENDED COMPLAINT - 5

1  employment status, and repeatedly delaying or canceling the meetings with plaintiff.

2  45. Defendants knew that the statements and concealments made by defendant Burns' friend were false and intended to deceive plaintiff and prevent him from filing a lawsuit or seeking
3  other remedies for defendants' violations of the FLSA, the NRS, and the contract.

4  46. Plaintiff relied on the statements and concealments made by defendant Burns' friend and refrained from taking legal action or pursuing other options for his employment situation.
5
   47. Plaintiff suffered damages as a result of defendants' fraud and misrepresentation, including
6  lost wages, lost commissions, lost taxes, lost income, emotional distress, and legal fees.

7  48. Defendants' fraud and misrepresentation were willful, intentional, and in bad faith.

8  49. As a result of defendants' fraud and misrepresentation, plaintiff is entitled to recover compensatory damages, punitive damages, costs, and reasonable attorney's fees, as well as
9  injunctive and declaratory relief, pursuant to NRS § 41.130 and the common law of Nevada.

10 Fifth Claim for Relief: Negligent Misrepresentation

11 50. Plaintiff incorporates by reference the allegations in paragraphs 1 through 49 as if fully set forth herein.
12
   51. In the alternative to the fraud claim, defendants made negligent misrepresentations of
13 material facts to plaintiff regarding resolving his issues with unpaid wages, overtime, commissions, taxes, and employment status.
14
   52. Defendants failed to exercise reasonable care in communicating with plaintiff and providing
15 accurate information.

16 53. Plaintiff relied on defendants' negligent misrepresentations to his detriment.

17 54. As a result of defendants' negligent misrepresentations, plaintiff suffered damages including lost wages, lost commissions, lost taxes, lost income, emotional distress, and legal fees.
18
   55. Plaintiff is entitled to recover compensatory damages, costs, and other relief as the Court
19 deems appropriate for defendants' negligent misrepresentations.

20 PRAYER FOR RELIEF

21 WHEREFORE, Plaintiff Cameron Church respectfully requests that this Honorable Court grant the following relief:
22
   a. Declare that Defendants' actions as alleged herein violate the Fair Labor Standards Act
23 (FLSA), the Nevada Revised Statutes (NRS), and Plaintiff's rights under the terms of his

24 AMENDED COMPLAINT - 6

1  employment contract.

2  b. Award Plaintiff the following:

3  i. $1690.50 in unpaid overtime wages under the FLSA.

4  ii. $1690.50 in liquidated damages under the FLSA.

5  iii. $7,312.63 in wages and commissions under the NRS.

6  iv. Additional wages and commissions owed as a penalty under the NRS, equal to $7,312.63.

7  v. $10,560 for penalties under NRS 608.040 and 608.050 for failing to have wages at the time of termination.

8

9  vi. $2,464 for two weeks of unpaid wages.

10  vii. $1,342 for missed break and lunch periods.

11  viii. $1,728 in unpaid commissions.

12  ix. $259.73 in unlawful deductions for direct deposit fees.

13  x. $952.40 for taxes that defendants failed to withhold.

14  xi. Interest on all unpaid amounts as provided by law.

15  xii. Costs and reasonable attorney's fees incurred in prosecuting this action.

16  c. Award Plaintiff punitive damages to punish Defendant for his willful, intentional, and bad faith conduct, and to deter similar conduct in the future.

17  d. Grant a declaratory judgment that plaintiff was misclassified as an independent contractor and should have been classified as an employee under the FLSA and NRS.

18

19  Plaintiff prays for such other and further relief as the Court may deem just and proper. Plaintiff demands a trial by jury on all issues so triable.

20  Dated this 16th day of May, 2024.

21  Cameron Church
    1605 McKinley Drive
22  Reno, NV 89509
    775-420-8577
23  Madeinreno775@gmail.com

24  AMENDED COMPLAINT - 7