UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAMERON CHURCH,<br><br>                          Plaintiff,<br>    v.<br>MATT BURNS, *et al.*,<br><br>                        Defendants. | Case No. 3:24-cv-00149-ART-CSD<br><br>ORDER ADOPTING REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Cameron Church brings this action against Defendants Matt Burns, Jessica Warren, and Outdoor Lighting Perspectives ("OLP") for claims relating to Plaintiff's work as an outdoor lighting installer for OLP and Burns.

Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 4) recommending that the Court grant Plaintiff's IFP application (ECF No. 2); direct the Clerk to file the complaint (ECF No. 2-1); allow certain claims to proceed; dismiss certain claims with prejudice; dismiss other claims with leave to amend; and give Plaintiff 30 days to file an amended complaint. (ECF No. 4 at 16–17.) Plaintiff has not objected to Judge Denney's R&R. Plaintiff has filed an amended complaint (ECF No. 5). For the reasons identified below, the Court adopts Judge Denney's R&R in full.

I. **STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.   FACTS

The Court adopts the factual allegations made in Plaintiff's complaint as recited in the report and recommendation and includes them here for completeness. (ECF No. 4 at 3-5.)

Plaintiff alleges that on January 3, 2022, he was hired by Burns to work as an outdoor lighting installer for OLP. Burns told Plaintiff he was an independent contractor, but Plaintiff claims that he was wrongly characterized as such, and he was actually an employee. Burns told Plaintiff he would be paid $22 per hour, plus commission for each project add-on he sold at a rate of 10 percent of the total add-on sale price. Burns also told Plaintiff that his hourly rate would increase after one month of employment. Plaintiff worked an average of 40 to 50 hours per week installing and maintaining outdoor lighting systems for OLP's customers. Plaintiff claims he was not paid overtime for hours he worked over 40 hours per week, nor was he provided with any meal or rest breaks. He claims that he was not paid commissions for the add-on sales he completed and did not receive the promised increase in his hourly rate after one month of employment.

Plaintiff claims that he asked Burns about his overtime, commissions and hourly rate, but Burns ignored or dismissed his inquiries, insisting Plaintiff was an independent contractor and not an employee. Plaintiff also questioned Burns about taxes that were not withheld from his paychecks and expressed concern he was misclassified as an independent contractor instead of being provided rights and benefits as an employee. Burns refused to pay Plaintiff the $1,720 in

2

commissions owed, as well as two weeks of income ($2,464) he was contractually entitled to receive upon termination without proper notice.

Plaintiff asserts a claim for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, as well as various state law claims: violation of Nevada Revised Statutes, Chapter 608; breach of contract; unlawful deduction from wages; fraudulent misrepresentation; negligent misrepresentation (in the alternative); misclassification as an independent contractor; wrongful termination for being a whistleblower (retaliation under the FLSA and NRS Chapter 608); intentional infliction of emotional distress (IIED); civil conspiracy; and breach of the duty of good faith and fair dealing.

**III. DISCUSSION**

Because Plaintiff has not objected to Judge Denney's report and recommendation and instead has filed an amended complaint, the Court adopts Judge Denney's report and recommendation in full. The Court will review Plaintiff's amended complaint in due course.

**IV. CONCLUSION**

It is therefore ordered that Plaintiff's IFP application (ECF No. 2) is granted.

The Court directs the Clerk to file Plaintiff's complaint (ECF No. 2-1).

The Court allows the following claims to proceed:

(a) The FLSA failure to pay overtime claim;

(b) The FLSA retaliation claim;

(c) The NRS 608.018 claim for failure to pay overtime against Burns and OLP;

(d) The NRS Chapter 608 claim for failure to pay wages and commissions due and owing against Burns and OLP;

(e) The breach of contract claim against Burns and OLP;

(f) The fraudulent misrepresentation claim;

(g) The negligent misrepresentation claim;

3

The Court dismisses the following claims with prejudice:

    (a) the FLSA claim for failure to keep accurate records;

    (b) the NRS Chapter 608 meal and rest break claims;

    (c) the NRS Chapter 608 claim for unlawful deduction from wages;

    (d) the claim for misclassification as an independent contractor;

    (e) the wrongful termination for being a whistleblower claim;

    (f) the NRS Chapter 608 claims, breach of contract, and breach of the implied covenant of good faith and fair dealing claims against Defendant Warren.

The Court dismisses the following claims with leave to amend:

    (a) the FLSA failure to provide required information about pay and working conditions claim;

    (b) the NRS Chapter 608 claim for failure to withhold all applicable state and federal taxes;

    (c) the IIED claim;

    (d) the civil conspiracy claim;

    (e) the breach of the implied covenant of good faith and fair dealing claim.

DATED THIS 21st day of November 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE