UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CAMERON CHURCH,

    Plaintiff

v.

MATT BURNS, et al.,

    Defendants

Case No.: 3:24-cv-00149-ART-CSD

**Order**

Re: ECF No. 5

Plaintiff has filed an amended complaint, which the court screens pursuant to 28 U.S.C. § 1915(e).

**I. BACKGROUND**

The undersigned issued a report and recommendation to grant Plaintiff's application to proceed in forma pauperis (IFP) and screened Plaintiff's complaint. It was recommended that Plaintiff be permitted to proceed with the following: claims under the Fair Labor Standards Act (FLSA) based on the alleged failure to pay overtime and retaliation; claims for violation of Nevada Revised Statute (NRS) Chapter 608 for the alleged failure to pay overtime, failure to pay wages and commissions due and owing; and state claims for breach of contract, and fraudulent and negligent misrepresentation.

It was recommended that the following claims be dismissed with prejudice: the FLSA claim for failure to keep accurate records; the NRS Chapter 608 meal and rest break claims as well as Chapter 608 claims for unlawful deductions from wages; his claim his was misclassified as an independent contract (but those allegations may be used to support his claims under the FLSA and Chapter 608); the wrongful termination claim for being a whistleblower as it is

duplicative of his FLSA retaliation claim and there is no corollary claim under Chapter 608. It was further recommended that defendant Warren be dismissed with prejudice. The following claims were recommended to be dismissed with leave to amend: the FLSA failure to provide required information about pay and working conditions; the Chapter 608 claim for failure to withhold applicable state and federal taxes; the intentional infliction of emotional distress claim; the civil conspiracy claim; and the breach of the implied covenant of good faith and fair dealing. It was recommended that Plaintiff be given 30 days from the date of any order adopting the report and recommendation to file an amended complaint. (ECF No. 4.)

30 days later, but before District Judge Traum had ruled on the report and recommendation, Plaintiff filed an amended complaint. (ECF No. 5.)

District Judge Traum subsequently issued an order adopting the report and recommendation. (ECF No. 6.)

The court now screens the amended complaint.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

/ / /

/ / /

**B. Plaintiff's Amended Complaint**

Plaintiff's amended complaint names Matthew Burns as well as Outdoor Lighting Perspectives (OLP) of Reno and Tahoe as defendants. Like the original complaint, Plaintiff alleges that he was hired to work as an outdoor lighting installer for OLP, and that he was mischaracterized as an independent contractor when he was actually an employee.

Plaintiff asserts claims for violation of the FLSA based on the alleged failure to pay him overtime for hours worked over 40 hours in a week and for firing him for complaining about and asserting his rights under the FLSA. He also asserts claims under Chapter 608 of the NRS for failing to pay him overtime for hours worked over 40 per week, failing to provide him with required meal and rest breaks, failing to pay him all wages and commissions due and owing, and failing to withhold all applicable state and federal taxes. Finally, he asserts claims for breach of contact as well as fraudulent and negligent misrepresentation.

The court finds Plaintiff may proceed with the claims asserted in the amended complaint for violation of the FLSA for overtime and retaliation, for violation of Chapter 608 of the NRS related to overtime and the failure to pay all wages and commissions due and owing, and for breach of contract and fraudulent and negligent misrepresentation against Burns and OLP.

As the court explained in the prior report and recommendation, there is no private right of action to enforce NRS 608.019 related to meal and rest breaks, but Plaintiff may allege he can recover unpaid wages related to meal and rest breaks under his claim for unpaid wages under NRS 608.135. The court will construe the amended complaint as not asserting a separate claim related to meal and rest breaks, but as including allegations to support his claim for unpaid wages related to meal and rest breaks.

The court also previously explained that Plaintiff did not cite authority for his claim under NRS Chapter 608 for the failure to withhold applicable federal and state taxes. The amended complaint also does not appear to cite such authority. However, Plaintiff can proceed with this allegation to the extent the amended complaint is construed as alleging he is entitled to recover any amounts related to the failure to withhold taxes under his claim for unpaid wages.

Finally, Plaintiff's amended complaint contains an allegation that Defendants misclassified Plaintiff *and Plaintiff's brother* as independent contractors, but Plaintiff's brother is not a plaintiff in this action.

### III. CONCLUSION

(1) Plaintiff may **PROCEED** with the claims in the amended complaint (ECF No. 5) as outlined in this Order. The amended complaint (ECF No. 5) is now the operative complaint.

(2) The Clerk of Court shall **ISSUE** summonses for defendants Matthew Burns and OLP, **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall also **SEND** sufficient copies of the amended complaint (ECF No. 5) and this Order to the U.S. Marshal for service on the defendants. The Clerk shall **SEND** to Plaintiff **2** USM-285 forms. Plaintiff will have **21 days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(3) Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court, or applicable rules, will be denied absent a showing of excusable neglect.

(4) The notice previously issued under Federal Rule of Civil Procedure 4(m) with respect to the original complaint (ECF No. 8) is now **MOOT** in light of this order allowing the amended complaint to proceed.

(5) Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.

/ / /

/ / /

/ / /

If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

**IT IS SO ORDERED**.

Dated: July 7, 2025

_____
Craig S. Denney
United States Magistrate Judge